Parker, J.
The A. L. Moore Company, plaintiff below, recovered a money judgment in a civil action against William H. H. Smith, defendant below, and this proceeding is brought to reverse that judgment.
The un eon tro verted facts of the case, appearing from the pleadings and proofs, are as follows:
The firm of Charles Truman & Company, of Toledo, Ohio, manufacturers of bicycles, by correspondence with the A. L. Moore Company, a corporation engaged in the manufacture and sale of bicycle parts and attachments at Cleveland, Ohio, entered into a contract by the terms whereof the A. L. Moore Company agreed to furnish to Truman & Company certain bicycle parts called “pedals.” The terms of the contract seem, to have been fully agreed upon and accepted by both parties; as early as October 9th, 1895, (perhaps September 23d), and by the contract the A. L. Moore Company became bound to furnish three thousand of these pedals at the rate of three hundred per month, after that date, and to'extend credit on the goods so furnished for sixty days after delivery. On October 14tb, 1895, (five days later) the A. L. Moore Company wrote to Truman & Company as follows:
“Chas. Truman & Co.,
“Toledo, Ohio,
“Gentlemen: We learn through our commercial agencies, that W. H. H. Smith guarantees your contracts for supplies. We, therefore, take liberty to enclose herewith one for his signature to cover the pedals for which you have placed an order: with us. “Very respectfully, “The A. L. Moore Co.”
*618 Truman & Company did not respond to this request for security, but on October 26th, wrote as follows:
“A. L. Moore Co.
“Cleveland. O.,
“Gentlemen: Please hasten delivery on the small order sent you for forty ladies’ and sixty gents’ rat trap pedals.
“Yours very truly,
“Chas. Truman & Co.,
“Per W. G. Smith.”
October 8th the A. U. Moore Company wrote to Truman <fc Company as follows:
“Chas. A. Truman & Co.,
“Toledo, Ohio,
“Gentlemen: We enter your order to ship forty pairs of ladies’ and sixty pairs of gents’ pedals at once. On your contract with us for three thousand we send these pedals with the understanding that you will comply with our request of the 15th inst., which we presume you have overlooked.
“Yours truly,
“The A. Tj. Moore Co.”
The request referred to was that for the signing and returning of the guaranty. There is no evidence that any pedals were in fact shipped until after the p>aper sent forward for the signature of William H. H. Smith had been signed and returned to the A. L. Moore Company. Certain things in the bill of exceptions indioate that the pedals were not in fact shipped until after the guaranty was signed and returned. Upon the letter of October 26, “Exhibit 12”, which I have read is noted this: “The order for these pedals shipped November 4, 1895,” indicating that the goods were shipped November 4th, 1895. On October 29, Truman & Company wrote to the Moore Company as follows:
“Gentlemen: We have complied with your request of the 15th, which in the absence of the writer, was not attended to. Now that this has been fixed up in this manner, we presume the pedals will come forward without delay.”
Indicating- that the pedals had not been received. So while the terms of the contract had been agreed upon, nothing had been done until after W. H. H. Smith and the company signed and forwarded the guaranty on which this suit is brought. On October 30th the A. L. Moore Company acknowledged the receipt of the written guaranty referred to, which reads as follows:
“To The A. L. Moore Company,
“Cleveland, Ohio,
“Gentlemen: Provided that you furnish to Chas. Truman & Company, Toledo, Ohio, any bicycle parts, material, or other merchandise, during the season of 1895-6 on credit, we and each of us, the undersigned, jointly and severally, do hereby guarantee to you the payment of the price and value of such material at maturity, whether the same shall be due on open account, or by note or acceptance.
“And you are hereby authorized to grant such delay as you may see fit for the payment of any sum that may be due you at any time, or to renew or extend any account, note, or acceptance, without in any way releasing us; it being intended to, and we do by this letter, bind ourselves, jointly and sever *619 ally, for the payment to you of any balance that may at any time be due you from the said Chas. Truman & Company, Toledo, Ohio, for goods purchased of you during the season of 1895-6, by reason of any contract or arrangement whatever, and we each of us waive notice of acceptance of this letter by you.”
While this is made out in the plural form, to be signed by more than one, it is in fact signed by W. H. Smith only, and is dated Toledo, Ohio, October 29, 1895.
The amended petition contains averments pleading this guaranty in proper form, and further, that the said plaintiff did furnish to the said firm of Charles Truman & Company certain bicycle parts and material and other merchandize during the season of 1895 and 1896, upon credit, and received therefor two promissory notes, setting forth the amounts of the notes and the terms of them, etc., and that they are due and unpaid; that the plaintiff has performed everything that he was required to do and perform;-that Truman & Company have become insolvent, and have not paid this balance due of $767.77, nor has the defendant paid jt; wherefore judgment is asked for the amount. To this the defendant W. H. H. Smith pleads what is claimed on his behalf to be a plea of no consideration for his promise. The answer is brief, and I will read it:
“And now comes the said defendant William H. H. Smith and for answer to the petition of the plaintiff herein, says:
“First: That any and all bicycle parts, material and merchandise that may have been furnished the Arm of Charles Truman & Company by said plaintiff during- the season of 1895 and 1896 as alleged in said petition, were so furnished under and in pursuance of a contract duly made and entered into by and between said plaintiff and said Truman & Company on the 23d day of September, 1895, whereby said plaintiff duly agreed with the said Truman & Company to furnish said Arm three thousand pairs of Grothe pedals at and for the price of $1.15 per pair, upon the following terms, viz: sixty days, or two per cent, off ten days, and for no other or further consideration. That on the 29th day of October, 1895, and after said contract had been so as aforesaid made and entered into by and between said parties, and after the same had become in full force and effect, this defendant without any new consideration whatsoever in the premises, and as no part of the inducement to the making of the said original contract, executed the guaranty referred to in the petition herein.”
There is a second defense to which it is not necessary to give any attention.
The plaintiff’s reply is a general denial.
The case has been argued to us twice. When the presiding judge was absent it was argued to the two remaining members of the court, who were unable to agree, and therefore at the request of the court, the questions were re-argued before the full bench. It has been presented by counsel and argument as if the goods had been furnished and credit extended precisely as provided for in the contract between Truman &' Company and the A. L. Moore. Company, formed by their contract, i. e¡j the contract for three thousand pedals; and it is urged on behalf of the plaintiff in error that the rule is established by the authorities that neither the promise to do a thing, nor the actual doing of it will be a good consideration, if it is a thing *620 which a party is already bound to do, either by law or by contract, and that the A. L. Moore Company having been bound to furnish the pedals on credit at the time plaintiff in error signed this guaranty, his promise is without consideration and cannot be enforced; and much authority is brought forth in support of this view. On the other hand, defendant in error brings to our attention a great many respectable authorities sustaining a contrary or modified doctrine, in most of which, however, there is some element of waiver, release, recission, or something else intervening either actually or impliedly, which seemed to the courts in those cases to justify them in holding that the old contract had been set aside or modified and a new contract formed. A majority of the members of this court are of the opinion that the rule as stated by counsel for plaintiff in error is established by the great weight of authority, and rests upon better reasons and sounder principles than the authorities opx>osed thereto, and that the facts of this case as presented in argument seem to bring it fairly within the rule. For my part, I incline to the opinion that the true rule is as stated in Pollock on Contracts (page 16, Wald’s ed.), and that in a case"where a party is already bound to A. to do a thing, his promise to B. to do the same thing at the request of B. would constitute sufficient consideration to support a promise on the part of B.
Counsel have shown great diligence in searching for authorities and ability in their presentation and analysis, and we have taken a great deal of time in the examination of authorities and in the discussion and consultation on this head; but a subsequent careful examination and consideration of the whole record has convinced us that this question is not necessarily involved in the case, and that it must be decided without x^assing upon it, so T shall- not make any extended reference to the authorities or reasons presented in support of their opposing views.
The petition states that the balance due and forming the basis of the notes mentioned therein is on an account for “bicycle parts and material and other merchandise” furnished during the season of 1895-96 upon credit. In the petition no mention is made of piodals. The contract created by this correspondence covered three thousand pedals only, and no other bicycle parts and no other materials or merchandise. It is apparent, however, from the correspondence, which is contained in the bill of excexDtions, that the plaintiff below was manufacturing and furnishing, and Truman & Company were buying from the plaintiff below other bicycle x^arts and pedals- tool-bags, forks, and other materials used in .the manufacture of bicycles. The answer, which I have read, avers in effect that the balance due was for pedals furnished under this contract for three thousand pedals, and that no other indebtedness' was included in such balance, but this is denied by the reply. Coming now to the evidence, in addition to the correspondence to which I have referred, we find this in the bill of exceptions: “before the introduction of any evidence'the defendant W. H. H. Smith waived proof of and admitted that the plaintiff was a corporation duly organized and doing business under and by virtue of the laws of the state of Illinois; that the plaintiff did furnish to the firm of Charles Truman & Company bicycle *621 parts, material and other merchandise during the season of 1896-1896 on credit;” that the plaintiff received two promissory notes therefor, describing' the two promissory notes referred to in the petition; and that both of said notes were given for the material so furnished, etc. The guaranty, as I have already stated, covers bicycle parts, materials, or other merchandise. The contract which it was said was entered into between the parties before the guaranty, and on account of which it is claimed that the guaranty is not binding, was the contract covering the three thousand pedals only.
Geo II. Beckwith, for Plaintiff in Error.
■ B. <& H. II. Johnson and Jeney, Johnson & Friedman, for Defendant in Error.
We think it fairly appears from this that materials were furnished not covered by the contract for pedals. It does not appear that, any part of the indebtedness was for goods furnished in pursuance of this contract for three thousand pedals. No reason has been suggested, and we can think of none, for holding that the plaintiff in error is not bound on his written guaranty for goods furnished during the season of 1895-6 that were n:>t covered by the contract for pedals.
The finding and judgment of the court of common pleas seems to us to be correct,’ and is affirmed.